UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| ROYLEE SMITH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV413-155 |
| | ) |
| SHERIFF AL ST. LAWERENCE; | ) |
| SGT. LOWE; OFFICER J. DIXON; | ) |
| AND SHERIFF DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Inmate Roylee Smith brings this 42 U.S.C. § 1983 case against his jailers and the Chatham County, Georgia Sheriff's Department, which operates the jail.[1] He alleges that he was placed into "lockdown" for

---

[1] Since he has completed his IFP paperwork, docs. 5 & 6, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows a district court to *sua sponte* dismiss a claim of a plaintiff proceeding *in forma pauperis* for failure to state a claim before service of process. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief, and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff.

fighting with another inmate and "a personal property receipt was done. *See* Enclosed receipt defendant had a 1,500.00 dollar check & radio two head setts [sic] . . ." Doc. 1 at 5. When he was released from lockdown, the jail failed to give him all of his property back. *Id.* Defendant Lowe, meanwhile, destroyed his legal mail. *Id.*

Smith also suffered two nose bleeds but Lowe denied him medical attention. *Id.* at 5-6. His blood remained on his cell floor for "7 or 8 days," he was denied a shower for nine, and was forced "to sleep in a cell for 9 days without any view at all, plus I was denied a pen flex by Sgt. Mr. Lowe to do my legal work with. . . ." *Id.* Defendant "Al St. Lawrence told him to take certain items out of my cell. . . ." *Id.*

Smith's complaint, however, seeks "only . . . money damages against Al St. Lawrence and the Sheriff department [sic] *et al.* for my personal property[,] 1,500.00 dollars check, and all listed food items which [were] never returned to me on . . . the date I was released off lockdown. Also

---

*Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

2

the destroyed legal items by Sgt. Mr. Lowe. . . ." He cites state law (O.C.G.A. § 51-10-1)[2] to claim "statutorily authorized" damages. He clarifies that his case sounds only under Georgia law. *Id.* at 6-7. He would like the Court to order the defendants to reimburse him for his lost $1500 check, plus $50,000 in damages "for lost or personal property legal, food items. . . ." *Id.* at 8. He also is "alleging[g] mental pain and suffering." *Id.*

Smith's claims -- as he himself limits them to property deprivations and "mental pain and suffering" arising from those deprivations -- fail. Even if he did not expressly ground his claims in state law, the negligent deprivation of property does not amount to a constitutional violation actionable under § 1983. *Daniels v. Williams*, 474 U.S. at 328, 333-34

---

[2] As another court explains:

> OCGA § 51–10–1 states: "The owner of personalty is entitled to its possession. Any deprivation of such possession is a tort for which an action lies." "This statute embodies the common law action of trover and conversion." (Citations omitted.) *Grant v. Newsome*, 201 Ga.App. 710(1), 411 S.E.2d 796 (1991).

*Romano v. Georgia Dept. of Corrections*, 303 Ga. App. 347, 349 (2010); *see also id.* at 351-52 (prison warden and corrections officers were not subject to liability in their individual capacities for violating inmate's constitutional rights by wrongfully confiscating his personal property; warden and corrections officers' alleged intentional and unauthorized confiscation of inmate's property did not constitute a violation of the due process clause of the Fourteenth Amendment when a meaningful postdeprivation remedy for the loss was available under the state Tort Claims Act).

(1986). And "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Lauderdale v. Tucker*, 2013 WL 3441025 at * 4 (N.D. Fla. July 9, 2013).

To that end, Smith himself cites available state remedies. Again, he does not even raise anything but state law claims here (as he expressly limited his case to his property and related pain and suffering claims), which means this Court is without subject matter jurisdiction, given his failure to additionally plead diversity or other jurisdictional grounds.[3] *See McClain v. Bank of America Corp.*, 2013 WL 1399309 at *2-3 (S.D. Ga. Apr. 5, 2013).

Finally, even if Smith did raise a federal claim, he unmistakably seeks no injunctive relief but only damages. Yet, damages sought against Al St. Lawrence in his official capacity would be barred by sovereign

---

[3] Too, it is problematic whether any sort of claims based on pain and suffering, or emotional distress, can be supported by a property-damage tort. *See Blackburn v. BAC Home Loans Servicing, LP*, 2012 WL 6726588 at * 8-12 (M.D. Ga. Dec. 27, 2012) (extensively exploring Georgia law in this area).

4

immunity. "Suits against an official in his or her official capacity are suits against the entity the individual represents." *Parker v. Williams*, 862 F.2d 1471, 1476 n. 4 (11th Cir.1989). The sheriff, in his official capacity, is an arm of the state and thus cannot be sued for damages under the Eleventh Amendment. *Rylee v. Chapman*, 316 F. App'x 901, 905 (11th Cir. 2009); *Washington v. St. Lawrence*, 2012 WL 2792319 at *2 (S.D. Ga. June 19, 2012). Smith's property claims, then, must be **DISMISSED**.

In subsequent filings Smith seems to be seeking to raise additional claims. *See* doc. 8 ("Motion For Final Judgment"); doc. 9 ("Plaintiff's Motion for Relief. . . ."); doc. 10 ("Motion to Subpoena and Prove Preponderance of Evidence") & doc. 11 ("Motion for Summary Judgment"); doc. 14 ("Plaintiff's motion to demand jury trial"); doc. 15 ("Motion for Jury Trial"). All of those motions are denied without prejudice to Smith's right to file an *Amended Complaint* clearly and succinctly stating viable legal claims (shorn of the above noted, property-based claims),[4] bearing in mind that he must comply with Fed.

---

[4] He does not appear to appreciate that, if in fact there is an adequate state remedy,

R. Civ. P. 8[5] and 20.[6] *Pro se* plaintiffs like Smith, after all, are subject to the same rules governing federal proceedings that apply to all represented litigants. *E.g., Nelson v. Barden*, 145 F. App'x 303, 311 n. 10 (11th Cir. 2005) ("[A] defendant's *pro se*

---

then he must pursue that remedy in state court and not under § 1983 here.

[5] As was explained in another § 1983 case brought by an inmate against his jailers:

> Rule 8 dictates that a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought." Fed. R. Civ . P. 8(a). Additionally, Rule 8(d) requires that each allegation within the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The allegations in the complaint must "actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original).

*Simon v. Shawnee Correctional Center*, 2013 WL 3463595 at *1 (S.D. Ill. July 9, 2013). For that matter, Smith's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Id.* at 678.

[6] The importance of this rule was illuminated in another case § 1983 brought by an inmate against prison officials:

> under Rule 20 of the Federal Rules of Civil Procedure, when a plaintiff seeks to bring multiple claims against multiple defendants, Plaintiff must demonstrate, first, that the right to relief asserted against the proposed defendants arises from "the same transaction, occurrence, or series of transactions or occurrences," and, second, that a question of law or fact common to all defendants will arise in the action. FED. R. CIV. P. 20.

*Littleton v. Harkleroad*, 2013 WL 3449176 at * 2 (W.D.N.C. July 9, 2013).

6

status in civil litigation generally will not excuse mistakes he makes regarding procedural rules."). To summarize, all of Smith's property claims should be **DISMISSED**, all of his pending motions (docs. 8, 9, 10, 11, 14 &15) are **DENIED**, and for any remaining claims he has 30 days (from the date this Order is served) to raise them within an Amended Complaint or face dismissal.

Finally, plaintiff must pay his filing fee. His furnished account information shows that he has no funds in his prison account during the past six months. Doc. 6. He therefore owes no partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall remit to the Clerk of Court (payable to the "Clerk of Court") 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is

nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED**, this 12th day of August, 2013.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA